DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Kimberly Costarella has appealed from a judgment of the Summit County Common Pleas Court, Domestic Relations Division, that granted her a divorce from defendant Michael Costarella. She has argued: (1) that the trial court's division of marital property was not equitable because the court greatly undervalued certain assets it awarded to Mr. Costarella;[1] (2) that the trial court incorrectly failed to award her spousal support; (3) that the trial court incorrectly ordered her to pay all of the marital credit card debt; and (4) that the trial court incorrectly ordered her to pay Mr. Costarella $564.92 for spousal support he allegedly had overpaid. This Court affirms the trial court's judgment because: (1) there was evidence to support the trial court's apparent conclusion that the assets at issue were not of significant value; (2) the trial court's failure to award spousal support was not an abuse of discretion; (3) the trial court actually ordered Mrs. Costarella to pay exactly half of the credit card debt; and (4) the trial court's conclusion that Mr. Costarella had overpaid spousal support was supported by the evidence.
 I.
Mr. and Mrs. Costarella were married on September 12, 1992, and separated less than four years later. On February 22, 1996, Mrs. Costarella filed a complaint for divorce. During the pendency of the divorce action, the trial court awarded Mrs. Costarella temporary monthly spousal support. It later determined, however, that Mrs. Costarella had taken $8,000 to $10,000 in marital funds and failed to return the money when the court ordered her to do so. The trial court, consequently, granted Mr. Costarella a credit against his spousal support obligation for his share of the marital funds that were improperly taken.
The matter was referred to a magistrate who held a hearing on all remaining issues. Because the couple had no children, the only contested issues involved the division of marital property and debt and whether Mr. Costarella would be required to pay spousal support. The magistrate granted the couple a divorce and divided the marital property and debt. The magistrate did not award Mrs. Costarella spousal support, and, in fact, ordered Mrs. Costarella to repay Mr. Costarella for the temporary spousal support he had overpaid. The trial court adopted the magistrate's decision.
Mrs. Costarella filed objections that challenged the magistrate's division of marital property and debt, his failure to award spousal support, and his order that Mrs. Costarella repay Mr. Costarella for overpaid spousal support. The trial court overruled the objections. Mrs. Costarella timely appealed to this Court.
 II. A.
Mrs. Costarella's first assignment of error is that the trial court's division of marital property was not equitable. She has argued that, because Mr. Costarella was awarded the electronic and stereo equipment in his possession, "[s]imple arithmetic demonstrates" that the property division was inequitable. Mrs. Costarella's argument is premised on her position that the stereo and other electronic equipment was worth over $23,000.
The value of the stereo and other electronic equipment was sharply disputed at trial. Mrs. Costarella presented an exhibit, prepared by her, that listed the electronic and musical equipment in Mr. Costarella's possession and included an estimated value for each item. Mrs. Costarella explained that she had based the value for each item primarily on its purchase price. She conceded that much of the equipment was several years old, and she admitted that she had no basis for estimating its then current fair market value.
Mr. Costarella, on the other hand, presented evidence that the marital equipment was worth considerably less than Mrs. Costarella's estimate. He explained that he owned most of the equipment prior to the marriage and that all of the equipment was worth less than what he had paid for it. He estimated that the marital equipment was worth "four or five hundred dollars." He indicated that Mrs. Costarella's estimate of the equipment's value was "totally preposterous." It was for the trial court to determine which witness was more credible. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Because Mrs. Costarella has failed to demonstrate any inequity in the trial court's division of property, her first assignment of error is overruled.
 B.
Mrs. Costarella's second assignment of error is that the trial court incorrectly failed to award her spousal support. She has again based her argument on a single factual finding by the trial court. She has challenged the court's finding that her annual income was $10,000. She has stressed that her 1996 income was only $5,000 and that, even though she could earn much more at her current job substitute teaching, the position is only temporary.
The evidence demonstrated that Mrs. Costarella supplemented her teaching income by working as an exotic dancer. Mr. Costarella testified that, during their marriage, Mrs. Costarella would dance at Desiree's dance bar two to three times per week. According to him, she had earned as much as $275 on one Friday night. He further testified that he had seen her working at Desiree's after their separation. Another witness, Tara West, another dancer at Desiree's, testified that she had seen Mrs. Costarella working at Desiree's after the separation and that she had also seen her name on the work schedule around that time. According to Ms. West, the typical income for a four to five hour shift was approximately $100. The trial court had evidence before it, therefore, to support its finding that Mrs. Costarella's annual income was $10,000.
Mrs. Costarella has also briefly argued that, even if she is able to earn $10,000 annually, her income is far less than Mr. Costarella's income and is insufficient to cover her monthly expenses. The trial court indicated, however, that it had considered all the relevant factors pursuant to Section3105.18(C)(1) of the Ohio Revised Code. Specifically, the court noted that this was a marriage of short duration, that the couple had no children, that Mrs. Costarella earned a teaching degree during the marriage, that she had an ongoing assignment as a substitute teacher, and that she was seeking a full-time teaching job. Given all the relevant evidence before the trial court, this Court cannot conclude that the trial court abused its discretion by failing to award spousal support after the divorce. Mrs. Costarella's second assignment of error is overruled.
 C.
Mrs. Costarella's third assignment of error is that the trial court incorrectly ordered her to pay all of the marital credit card debt. Although Mrs. Costarella apparently perceives its order to have that effect, the trial court did not in fact order her to pay all of the credit card debt. The trial court actually ordered each party to pay half of the couple's $4,869.23 credit card debt. Mrs. Costarella has disputed the court's finding that the balance was $4,869.23. She has maintained that, because she presented evidence that the couple's credit card balance was only $2,428, she was essentially ordered to pay all the credit card debt. Her argument is flawed for several reasons.
The trial court based its finding on Mr. Costarella's evidence, introduced through his own testimony corroborated by credit card statements. Although Mrs. Costarella has maintained that she presented documentary evidence to contradict Mr. Costarella's evidence on this issue, this Court is unable to find such evidence in the record. Moreover, even if she had contradicted Mr. Costarella's evidence, it was for the trial court to determine which evidence was more credible. See DeHass, supra. Mrs. Costarella has failed to demonstrate that the trial court incorrectly based its finding on Mr. Costarella's testimony and documentary evidence. Mrs. Costarella's third assignment of error is overruled.
 D.
Mrs. Costarella's fourth assignment of error is that the trial court incorrectly found that Mr. Costarella had overpaid spousal support and that she owed him a refund of $564.92. Mrs. Costarella has argued that "it does not appear anywhere in the record where Five Hundred Sixty-Four Dollars and Ninety-Two cents ($564.92) came from." Mrs. Costarella has apparently misunderstood the trial court's calculation.
The trial court had initially ordered Mr. Costarella to pay $1,200 in monthly spousal support for a period of ten months, for a total of $12,000. At the time of trial, the child support enforcement agency had already disbursed $10,414.92 to Mrs. Costarella. By a prior court order, however, Mr. Costarella had been granted a credit of $2,150 based on Mrs. Costarella's financial misconduct. The trial court, therefore, subtracted the $2,150 credit from the $12,000 that Mr. Costarella originally had been ordered to pay, to get a total spousal support obligation of $9,850. Because Mr. Costarella had already paid Mrs. Costarella $10,414.92, he had overpaid the obligation by $564.92 ($10,414.92 minus $9,850). Because Mrs. Costarella has failed to demonstrate any error in the trial court's calculation, her fourth assignment of error is overruled.
 III.
Mrs. Costarella's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, J.
BAIRD, J., CONCUR
[1] This Court has consolidated the first two assignments of error because plaintiff argued them together.